IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CANADIAN REAL ESTATE HOLDINGS, LP, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-333-KPJ |
| KAREN F. NEWTON REVOCABLE TRUST, *et al.*, | § § § § | |
| Defendants. | § § | |

**OPINION AND ORDER**

Pending before the Court is Defendants' Motion for Reconsideration of Memorandum Opinion and Order Dated March 30, 2022 (Dkt. 116) (the "Motion") (Dkt. 118), wherein Defendants request the Court reconsider the Memorandum Opinion and Order (Dkt. 116) denying Defendants' motion to dismiss (the "Motion to Dismiss") (Dkt. 101). *See* Dkt. 118. Plaintiff filed a response (Dkt. 122), and Defendants filed a reply (Dkt. 123). Upon consideration, the Motion (Dkt. 118) is **DENIED**.

**I.   BACKGROUND**

On April 27, 2021, Plaintiff Canadian Real Estate Holdings, LP ("Plaintiff" or "CREH") filed this action against Defendants[1] (the "WGE Residents") asserting "[the WGE Residents']

---

[1] Plaintiff names the following as Defendants: Karen F. Newton Revocable Trust, Sathu Subbiah, Janet Anders, Tim Anders, Raul Perez, Jr., Jerry Brown, Trey Monson *also known as* James George Monson II, Coleen Monson, Jill Ruse-Peterson, Terry A. Peterson, William Trotter *also known as* Bill Trotter, Kristin Trotter *also known as* Kris Trotter, Robert Carter, Joan Pyne, Charles Pyne *also known* as Charlie Pyne, Robert Soltysik, Linda Soltysik, Gary Pierce, Melinda Pierce, David Cox, Jennifer Cox, Michael Shepherd *also known as* Mike Shepherd, Steffanie Shepherd *also known as* Stephanie Shepherd, Harvey Graham, Sandra Graham, Beau Davis, Tisha Davis, Maria Mercer, Jonathan Mercer *also known as* Jon Mercer, Henry Bell *also known as* Mike Bell, James Evans, Marilee Evans, William Jones, Paula Jones, Jerry Long, Sherri Long, Joan Rose, William Theodore Rose *also known as* Ted Rose, Joe W. Chesney, Karen Chesney, Joe K. Chesney, Deborah Chesney *also known as* Debbie Chesney, Gregory Jernigan *also known as* Gregg Jernigan, Gretchen Jernigan, Richard Vanmeter *also known as* Kent Vanmeter, Carol Vanmeter, James Schwartz, and Sarah Schwartz.

discrimination against the handicapped by enforcement [of] restrictive covenants and failing to make a reasonable accommodation violates 42 U.S.C. § 3604." Dkt. 1 at 19. On July 22, 2021, the WGE Residents filed the Motion to Dismiss (Dkt. 101), wherein the WGE Residents argued Plaintiff's complaint should be dismissed because Plaintiff's claims were barred under the doctrine of judicial estoppel and Plaintiff lacked standing. *See generally id.* On September 10, 2021, the case was referred to the undersigned for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and the foregoing consent of the parties. *See* Dkt. 112. On March 30, 2022, the Court entered the Memorandum Opinion and Order (Dkt. 116) denying the Motion to Dismiss (Dkt. 101), finding Plaintiff had standing to bring this lawsuit and was not barred by judicial estoppel. *See* Dkt. 116 at 6–11.

On April 13, 2022, the WGE Residents filed the Motion (Dkt. 118), reasserting their arguments that Plaintiff's complaint is barred by judicial estoppel and Plaintiff lacks standing. *See generally id.* The WGE Residents specifically assert Plaintiff's complaint is barred by judicial estoppel as follows:

> [Plaintiff] accused the Walnut Grove residents of alleged discrimination in violation of the Fair Housing Act ("FHA") 42 USC § 3604 on at least 13 separate occasions in state and federal court before representing to both state and federal courts that "***there is no longer an actual case or controversy***" among the parties relating to [Plaintiff's] planned (but later abandoned) commercial development within the Walnut Grove neighborhood in Collin County, Texas.

*Id.* at 2. The WGE Residents also assert Plaintiff lacks standing as follows:

> [Plaintiff] made a unilateral business decision to abandon this project. That fact is established by the Declaration of Daniel Blackburn, executed on July 29, 2019, which fails to identify any actions of the Walnut Grove residents as a reason, in whole, or in part for [Plaintiff's] unilateral business decision to sell the Property. Moreover, Mr. Blackburn's Declaration clearly states that there were ***two*** requirements for [Plaintiff] to go forward with its planned commercial development: permits from Collin County ***and*** licenses granted by the State of Texas for the operation of Assisted Living Facilities. [Plaintiff's] Complaint contains ***no allegations*** that any Walnut Grove resident interfered or attempted to

> interfere with its efforts to obtain a license from the State of Texas. Accordingly, [Plaintiff] failed to show sufficient facts that its alleged injury (which took place in 2019, if at all) was fairly traceable to any action by the Walnut Grove residents.

*Id.* at 3. In its response, Plaintiff argues the WGE Residents fail to present any change in the controlling law or new evidence, do not identify a clear error of law or manifest injustice, and do not cite to any authority in support of the Motion (Dkt. 118). *See* Dkt. 122 at 5–6. In their reply, the WGE Residents argue the operative facts giving rise to Plaintiff's claim in the first lawsuit are the same in the second present lawsuit, Plaintiff's representations "deprived [the WGE Residents] of the full panoply of declaratory relief they were seeking," and "[Plaintiff] specifically represented that this controversy was moot." Dkt. 123 at 5–6.

On November 18, 2022, the WGE Residents filed "Defendants' Supplement for Reconsideration" (the "Supplemental Brief") (Dkt. 136). In the Supplemental Brief (Dkt. 136), the WGE Residents assert the Dallas Court of Appeals "recently issued its ruling on [Plaintiff's] appeal of the trial court's judgment issued in 2019 and it affirmed the award of $45,529.13 in attorney's fees to [the WGE Residents] and remanded the case back to the trial court for further proceedings . . . ." *Id.* at 3. The WGE Residents further assert that "[i]n response to this decision, [Plaintiff] filed a Motion for Rehearing with the Court of Appeals in which it reasserted, among other things, the claim that this controversy was rendered moot in 2019", and "the trial court's ruling to that effect was correct." *Id.* at 4. The WGE Residents argue:

> A determination of said claims [for declaratory relief] in favor of the Walnut Grove residents would have conclusively disposed of the allegation that the Walnut Grove residents engaged in any action in violation of the Fair Housing Act. Yet, the Walnut Grove residents were denied the opportunity to obtain that favorable ruling in the State Court Action specifically because of Canadian's representations that there was no longer any case or controversy in existence between the parties because it had decided to sell the property in question. It is undisputed that Canadian benefited from its representations and obtained a favorable ruling from

3

> the state court judge and it continues to assert that the claims of the Walnut Grove residents were and are still moot, even in 2022.
>
> . . . Canadian should not be allowed to abuse and manipulate the Court system as it is seeking to do in this instance. A dispute that was deemed moot in 2019 because of Canadian's actions and representations (not just by one, but two courts) should be considered moot in 2022 when no additional facts have taken place in the interim and Canadian still maintains the controversy between the parties is moot in the Texas Appellate Court.

*Id.* at 5–6. The WGE Residents include the following state court documents as attachments to the Supplemental Brief (Dkt. 136): *Canadian Real Estate Holdings, LP v. Karen F. Newton Revocable Tr.*, No. 05-20-00747-CV, (Tex. App.—Dall. 2022, no pet.), as Exhibit 1, *see* Dkt. 136-1 at 1–19; Plaintiff's Motion for Rehearing, as Exhibit 2, *see* Dkt. 136-2 at 1–23; and Plaintiff's First Amended Original Petition, as Exhibit 3, *see* Dkt. 136-3 at 1–24.

## II. LEGAL STANDARD

"Under Federal Rule of Civil Procedure 54(b), parties 'may seek reconsideration of interlocutory orders and . . . the district court may revise at any time any order or other decision . . . that does not end the action.'" *Nursery Decals and More, Inc. v. Neat Print, Inc.*, 575 F. Supp. 3d 740, 743 (N.D. Tex. 2021) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)) (internal brackets omitted). Because the decision to deny a motion to dismiss is an interlocutory order, the Rule 54(b) standard applies. *See id.* (citing *Austin*, 864 F.3d at 337); *Gilmour v. Blue Cross and Blue Shield of Ala.*, No. 4:19-cv-160, 2021 WL 1196272, at *3 (E.D. Tex. Mar. 30, 2021). "'Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court . . . and the standard would appear to be less exacting than that imposed by Rules 59 and 60.'" *Cantwell Family Tr. (1998) v. Hyten*, No. A-15-CA-414, 2016 WL 1610610 at *2 (W.D. Tex. Apr. 20, 2016)

4

(quoting *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009)) (internal brackets omitted).

"In examining a Rule 54(b) motion to reconsider, however, 'considerations similar to those under Rules 59 and 60 inform the Court's analysis.'" *Roberts v. Mnuchin*, No. A-16-CA-1272, 2017 WL 5147617, at *1 (W.D. Tex. Nov. 6, 2017) (quoting *Cantwell Family Tr. (1998)*, 2016 WL 1610610, at *2); *see also Frew v. Wilson*, No. 3:93-cv-65, 2020 WL 8994102, at *2 (E.D. Tex. July 23, 2020) ("[C]ourts in [the Fifth C]ircuit typically apply the guiding principles of Rule 59(e) to motions to reconsider under Rule 54(b).") (citations omitted); *see also Crenshaw Enters., Ltd. v. Irabel, Inc.*, No. 1:17-cv-322, 2018 WL 6220060, at *3 (E.D. Tex. Feb. 15, 2018) (collecting cases). Courts should consider "'whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification . . . .'" *Roberts*, 2017 WL 5147617, at *1 (quoting *Dos Santos*, 651 F. Supp. 2d at 553). Thus, motions for reconsideration "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x. 359, 364 (5th Cir. 2009) (per curiam) (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473–74 (5th Cir. 1989)). To succeed on a motion to reconsider under Rule 54(b), the moving party must show: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent "manifest injustice." *Frew*, 2020 WL 8994102, at *3 (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)).

### III.   ANALYSIS

The WGE Residents' Motion (Dkt. 118) and reply (Dkt. 123) do not assert there has been an intervening change in controlling law or new evidence. The WGE Residents further do not explain if they are arguing there was clear error that would cause a manifest injustice. *See* Dkts.

5

118, 123. Instead, the WGE Residents appear to "re-urge matters that have already been advanced." *Nationalist Movement*, 321 F. App'x. at 364. In the Supplemental Brief (Dkt. 136), the WGE Residents reassert that Plaintiff has taken the position the case or controversy is moot. In support, the WGE Residents provide the Dallas Court of Appeals opinion affirming the state trial court's decision on attorney fees in the original lawsuit. *See* Dkt. 136 at 4–5; Dkt 136-1 at 1–19. Thus, the WGE Residents appear to be re-urging their original argument that Plaintiff's claims should be barred by judicial estoppel because Plaintiff has taken an allegedly inconsistent position.[2] However, out of an abundance of caution, the Court will construe the Motion as an argument that there was clear error or manifest injustice. *See Vesoulis v. Reshape Lifesciences, Inc.*, No. 19-1795, 2021 WL 2267676, at *1 n.2 (E.D. La. June 3, 2021) ("Because the law and facts pertaining to the defendants' motions are unchanged, the plaintiff's motion for reconsideration can only be construed as an argument for clear error or manifest injustice."). In respect to clear error or manifest injustice, courts "caution[] that any litigant who brings a motion to reconsider based on the need to correct a clear error of law or manifest injustice should 'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" *Buerger v. Watson*, No. 5:18cv161, 2021 WL 7184972, at *6 (E.D. Tex. Mar. 2, 2021) (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss.

---

[2] The WGE Residents do not explain in the Supplemental Brief (Dkt. 136) if they now seek to argue there is newly discovered evidence in support of the Motion (Dkt. 118). Even if the Court considered the WGE Residents' argument as supported by the more recent Dallas Court of Appeals opinion to be "newly discovered", the Court would not grant the Motion (Dkt. 118) on this basis, as a motion to reconsider based upon newly discovered evidence will be granted only if "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts *are not merely cumulative or impeaching*." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003) (citing *English v. Mattson*, 214 F.2d 406, 409 (5th Cir. 1954)) (emphasis added). The WGE Residents' assertions in the Supplemental Brief (Dkt. 136) are cumulative of their previous arguments in the Motion (Dkt. 118). The Court would thus not alter its decision on this basis. *See Tex. Brand Bank v. Luna & Luna, LLP*, No. 3:14-CV-01134-P, 2016 WL 3660579, at *2 (N.D. Tex. Jan. 29, 2016) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." (quoting *Judicial Watch v. Dep't of the Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006))).

1990)); *see also In re Trevino*, 633 B.R. 485, 501 (Bankr. S.D. Tex. 2021) ("To determine whether this Court's Judgment was clearly erroneous, the Court will consider whether it was 'dead wrong' . . . ." (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817(1988))).

The WGE Residents have not shown there was clear error or a manifest injustice in the Court's decision. First, the WGE Residents' attack on Plaintiff's standing is once again unavailing. Standing under the FHA "extends to the full limits of Article III." *N.A.A.C.P. v. City of Kyle*, 626 F.3d 233, 237 (5th Cir. 2010) (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982)). The FHA "permits any 'aggrieved person' to bring a housing-discrimination lawsuit" and the Supreme Court has repeatedly made clear the FHA's definition of "'aggrieved [person'] reflects a congressional intent to confer standing broadly." *Bank of Am. Corp. v. City of Miami*, 581 U.S. 189, 197 (2017) (quoting 42 U.S.C. § 3613(a)). The Supreme Court has addressed the FHA standing question in the context of a private enforcement action in several decisions, and "[t]aken together, these standing decisions support a conclusion that the sweep of the FHA is extremely broad and generous." *Parada v. Sandhill Shores Prop. Owners Ass'n, Inc.*, 604 F. Supp. 3d 567, 577 (S.D. Tex. May 25, 2022) (collecting cases).

While Plaintiff has sold the property underlying the dispute between the parties, Plaintiff is seeking damages to "make Plaintiff whole, including engineering fees, holding costs, and attorney's fees expended in the underlying litigation brought by [the WGE Residents]" in relation to the WGE Residents' allegedly discriminatory enforcement of restrictive covenants and the alleged influence of Collin County officials' decision to refuse permits to Plaintiff. Dkt. 1 at 19–20. Plaintiff's factual allegations are sufficient to establish standing at this stage, as the alleged injury is redressable, traceable to the WGE Residents' alleged actions, and not speculative. *See Parada*, 604 F. Supp. at 577–78 (finding the plaintiff had standing to bring FHA claim because of

7

her allegations that the defendant property owners association had not made reasonable accommodations for her disability); *Swanson v. City of Plano*, No. 4:19-cv-412, 2020 WL 6799173, at *3 (E.D. Tex. Nov. 19, 2020) (finding the plaintiff homecare provider had standing to bring FHA claim because of her "expenditure of time, cost, and effort") (collecting cases); *AHF Cmty. Dev., LLC v. City of Dallas*, 633 F. Supp. 2d 287, 295 (N.D. Tex. 2009) (finding the plaintiff had standing due to economic loss that was traceable to the defendant); *cf. Berry v. Jefferson Parish*, 326 F. App'x 748, 750–51 (5th Cir. 2009) (per curiam) (holding owners of rezoned property failed to establish standing where the lost sale complained of was only speculative). Thus, the WGE Residents' argument challenging Plaintiff's standing is denied.

Second, the Court declines to invoke judicial estoppel. Judicial estoppel is "an equitable doctrine, and the decision whether to invoke it is within the court's discretion . . . ." *Kane v. Nat'l Union Fire Ins.*, 535 F.3d 380, 384 (5th Cir. 2008) (per curiam) (quotation and brackets omitted). The WGE Residents place great emphasis on the statement "there is no longer an actual case or controversy" in Plaintiff's Notice of Mooted Issues, *see Karen F. Newton Revocable Tr. v. Canadian Real Estate Holdings, LP*, 4:19-cv-429 (E.D. Tex. June 10, 2019), Dkt. 16, as to the WGE Residents' request for injunctive and declaratory relief in the previous action. But as the Court has previously explained, the Notice of Mooted Issues and Plea to the Jurisdiction did not address Plaintiff's defense of illegality and these actions are not *plainly inconsistent* with Plaintiff's position in this case that the WGE Residents' actions violated the FHA. Therefore, on this basis, the Court declines to invoke judicial estoppel. *See Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018) (refusing to invoke judicial estoppel because, among other things, movant did not show opposing party "adopted an inconsistent position, much less a plainly inconsistent one"); *MCR Oil Tools, LLC v. SPEX Offshore, Ltd.*, 3:18-

cv-731, 2019 WL 10835997, at *2 (N.D. Tex. Feb. 27, 2019) (finding the plaintiff had not taken an expressly contrary position when it had not previously challenged the defendant's arguments). The Court notes that Plaintiff's actions in previous judicial proceedings—the Notice of Mooted Issues and Plea to the Jurisdiction—come to the very edge of gamesmanship that the doctrine of judicial estoppel was created to prevent. Ultimately, however, the Court finds the WGE Residents' argument as to judicial estoppel should again be denied.

## IV. CONCLUSION

For the foregoing reasons, the Motion (Dkt. 118) is hereby **DENIED**.

**So ORDERED and SIGNED this 21st day of March, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE